32,505-04

21 December 2015

The Court of Criminal Appeals of Texas
Abel Acosta, Clerk
P.O. Box 12308
Capitol Station
Austin, Texas 78711-2308

RECEIVED IN
COURT OF CRIMINAL APPEALS

DEC 28 2015

Abel Acosta, Clerk

Re: WR-32,505-04 Ex Parte Stephen E. Davis; Trial Ct. No. 23,477-A; Filing of: "OBJECTION TO THE STATE'S FINDINGS OF FACTS AND CONCLUSION OF LAW WITH STATE'S ORIGINAL ANSWER."

Dear Mr. Acosta:

Greetings. As I am the above-mentioned Applicant, Pro Se, I very respectfully request that you file the enclosed said document with this Honorable Court and request that you return to me at the below-listed address, the Clerk's "Notice of Filing".

Please note that an exact, hand-written copy of this same instrument is filed with the Polk County District Clerk's office in the 411th Judicial District Court of Polk County, Texas.

Thank you and have a safe and Merry Christmas.

Very Sincerely,

Stephen E. Davis

Stephen E. Davis #1976027
Stringfellow Unit, TDCJ-ID
1200 FM 655
Rosharon, Texas 77853

CC: Polk County District Clerk
Bobby E. S. Richards
Polk County Judicial Bldg.
101 W. Mill St., Suite 216
Livingston, Texas 77351

CAUSE NO-23,477-A

THE STATE OF TEXAS      S      IN THE 411TH JUDICIAL

V.      S      DISTRICT COURT OF

STEPHEN E. DAVIS      S      POLK COUNTY, TEXAS

     S

## OBJECTION TO STATE'S FINDINGS OF FACTS AND CONCLUSION OF LAW WITH STATE'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF THE 411TH JUDICIAL DISTRICT COURT:

NOW COMES, STEPHEN E. DAVIS, APPLICANT, PRO SE, IN THE ABOVE-STYLED AND NUMBERED CAUSE OF POST-CONVICTION HABEAS CORPUS, PURSUANT TO ARTICLE 11.07 OF THE TEXAS CODE OF CRIMINAL PROCEDURE, AND FILES THIS, HIS OBJECTION TO STATE'S FINDING OF FACTS AND CONCLUSION OF LAW WITH STATE'S ORIGINAL ANSWER, UNDER 33.1 OF THE RULES OF APPELLATE PROCEDURE.

IN SUPPORT OF THIS MOTION, APPLICANT WILL SHOW THIS COURT THE FOLLOWING:

## I.
## PROCEDURAL HISTORY

ON JUNE 11, 2015, APPLICANT FILED HIS POST-CONVICTION APP-LICATION FOR WRIT OF HABEAS CORPUS PURSUANT TO ARTICLE 11.07 OF THE TEXAS CODE OF CRIMINAL PROCEDURE. APPLICANT, A MENTAL HEALTH AND RETARDATION "INTELLECTUAL DISABILITY" PATIENT FOR OVER FIVE YEARS WAS CHARGED IN A ONE COUNT INDICTMENT WITH POSSESSION OF A CONTROLLED SUBSTANCE OF A GRAM OR LESS. APPLICANT WAS COERCED BY COURT-APPOINTED COUNSEL INTO ACCEPTING A PLEA-AGREEMENT IN THE 411TH DISTRICT COURT OF POLK COUNTY, TEXAS, IN CAUSE NO. 23,477 AND WAS SENTENCED TO TWELVE (12) YEARS CONFINEMENT IN THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE.

1.

APPLICANT WAS DENIED OF HIS RIGHT TO APPEAL HIS CONVICTION BY COUNSEL JOHN E. WELLS, III, WHO COERCED HIM INTO DOING SO. ON NOVEMBER 4, 2015, APPLICANT FILED HIS FIRST SUPPLEMENT MEMORANDUM IN SUPPORT OF HIS HABEAS. THE STATE, WHO RECIEVED A COPY FROM THE CLERK, OF THE SUPPLEMENT MEMORANDUM, SIDE-STEPPED ADDRESSING GROUNDS 3-7 IN THE STATE'S ORIGINAL ANSWER AND FINDINGS OF FACTS AND CONCLUSION OF LAW. ON DECEMBER 11, 2015, APPLICANT FILED A "MOTION FOR LEAVE TO FILE A WRIT OF MANDAMUS AND HIS ORIGINAL APPLICATION FOR WRIT OF MANDAMUS" TO THE COURT OF CRIMINAL APPEALS REQUESTING THE C.O.C.A. TO REDIRECT THE STATE TO INCLUDE APPLICANT'S SUPPLEMENT IN THE HABEAS PROCEEDING AND ADDRESS THE GROUNDS 3-7 PUT FORTH IN ACCORD-ANCE WITH RULE 73.1 OF THE RULES OF APPELLATE PROCEDURE.

## II.

### OBJECTION TO THE STATE'S ORIGINAL ANSWER

APPLICANT CONTENDS THE STATE IS CLEARLY EXHIBITING PREJUDICE BY DENYING HIS DUE-PROCESS OF LAW BY ONLY ADDRESSING THE FIRST TWO GROUNDS OF HIS HABEAS APPLICATION AND SIDE-STEPPING HIS ORIGINAL GROUNDS THREE THRU SEVEN PUT FORTH IN HIS FIRST SUPPLEMENT MEMORANDUM, WHICH HOLD STRONG CONSTITUTIONAL MERIT IN SUPPORT OF THE HABEAS.

ALTHOUGH, ASS. DISTRICT ATTORNEY C.M. ALLEN, HAS PRESENTED THE ISSUE OF DENIAL OF EFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL, AND HAS INCLUDED AN OPEN AFFIDAVIT RESPONDING TO NO PARTICULAR QUESTIONS OF FACTUAL ISSUES TO BE RESOLVED, ASS. DISTRICT ATTORNEY ALLEN HAS OVERLOOKED AND FAILED TO ADDRESS THE OTHER FIVE GROUNDS OF CONSTITUTIONAL MERIT WHICH APPLICANT HAS PUT FORTH AS WELL.

IN THE STATE'S FIRST ISSUE ON ENHANCEMENTS AND COUNSEL WELLS' NON-OBJECTION DUE TO HIS LABORING UNDER A CONFLICT OF INTEREST, (GRND. 5, PG. 9-11, GRND. 6, PG. 12-16, & GRND. 7, PG. 17-22 ; FIRST SUPPLEMENT MEMORANDUM) STATE CONTENDS RULE 609(b) OF TEXAS RULES OF EVIDENCE IS "INAPPLICABLE TO ENHANCEMENTS AS IT APPLIES TO IMPEACHMENT OF WITNESSES". STATE HOWEVER, IS INCORRECT. ASS. DISTRICT ATTORNEY ALLEN FAILED TO REALIZE THE FACTS OF THE CASE CLEARLY. THE 609(b) APPLICATION IN THIS CASE STATES:

2.

EVIDENCE OF THE CONVICTION IS ADMISSABLE UNDER PENAL CODE STATUTE 12.35 ONLY IF IT'S PROBATIVE VALUE, SUPPORTED BY SPECIFIC FACTS AND CIRCUMSTANCES, SUBSTANTIALLY OUTWEIGHS IT'S PREJUDICIAL EFFECT - WHICH IT DOES NOT. THERE ARE NO SPECIFIC FACTS OR CIR- CUMSTANCES SUBSTANTIALLY OUTWEIGHING IT'S PREJUDICIAL EFFECT OF COERCING A MENTALLY - RETARDED "INTELLECTUAL DISABILITY" WIT- NESSES INTO AGREEING WITH ENHANCEMENTS AGAINST HIMSELF WHICH CLEARLY SHOWS PREJUDICE AND NO EFFECTIVE ASSISTANCE OF COUNSEL WHATSOEVER. AS STATED IN APPLICANT'S FIRST SUPPLEMENTAL MEM- ORANDUM. SEE: EX PARTE WHITE; 160 S.W. 3d 36, 49 (Tex. Crim App. 2004).

ASSISTANT DISTRICT ATTORNEY ALLEN ALSO CLAIMS THAT APPLICANT'S COUNSEL WAS NOT INEFFECTIVE FOR FAILING TO OBJECT TO THE EN- HANCEMENT ALLEGATIONS, AND THAT THE INDICTMENT WAS FLAWED IN THAT IT DID NOT STATE SPECIFIC NOTICE OF CHARGES AGAINST APPLICANT. MS. ALLEN HAS RECOGNIZED THAT THESE ERRORS ARE ACCURATE. SEE STATE'S WRIT EXHIBIT C, INDICTMENT. MS. ALLEN THEN OVER- LOOKS THE CONSTITUTIONAL ERROR IN A FLAWED INDICTMENT WITHOUT THE PROPER REMEDY OF CORRECTION BY STATING." FURTHER, APPLICANT SIGNED AN ADMONISHMENT OF GUILTY - PLEA AND STIPULATION OF EVIDENCE THAT HAD THE ENHANCEMENT ALLEGATIONS IN THE CORRECT ORDER". THE STATE HOWEVER, PRESENTS NO AUTHORITY FOR SUCH ASSERTION. APPLICANT CONTENDS HIS RIGHT TO DUE-PROCESS AND EFFECTIVE ASSISTANCE OF COUNSEL UNDER ARTICLE 1, SECTION 10, AND SECTION 19, OF THE TEXAS CONSTITUTION AND UNDER FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION WERE VIOLATED WHEN HIS COURT-APPOINTED COUNSEL LABORED UNDER A CONFLICT OF INTEREST AND COERCED HIM INTO A PLEAD OF GUILTY WITH ENHANCEMENT ALLEGATIONS.

THE UNITED STATES SUPREME COURT HELD IN MISSOURI V. FRYE, SUPRA, NINETY-SEVEN PER CENT OF FEDERAL CONVICTIONS AND NINETY- FOUR PER CENT OF STATE CONVICTIONS ARE THE RESULT OF GUILTY PLEAS. (RECOGNIZING PLEAS ACCOUNT FOR 95% OF ALL CRIMINAL CONVICTIONS). THE REALITY IS THAT PLEA-BARGAINS HAVE BECOME SO CENTRAL TO THE ADMINISTRATION OF THE CRIMINAL JUSTICE SYSTEM THAT DEFENSE COUNSEL HAS RESPONSIBILITIES IN THE PLEA-BARGAIN PROCESS, RESPONSIBILITIES THAT MUST BE MET TO RENDER ADEQUATE ASSISTANCE OF COUNSEL THAT THE SIXTH-AMENDMENT REQUIRES

3.

IN THE CRIMINAL PROCESS AT CRITICAL STAGES. WHILE THE INADEQUACY OF COUNSEL'S PERFORMANCE IN THIS CASE IS CLEAR ENOUGH AND THE SIXTH-AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL EXTENDS TO THE CONSIDERATION OF ALL CRITICAL STAGES OF THE CRIMINAL PROCEEDINGS. MISSOURI V. FRYE, 556 U.S. ____ (2012).; MONTEFO V. LOUISIANA, 556 U.S. 778, 786; HILL V. LOCKHART, 474 U.S. 52.

TO DETERMINE WHETHER APPLICANT'S TRIAL ATTORNEY WAS INEFFECTIVE, TRIAL COUNSEL'S PERFORMANCE WILL BE JUDGED UNDER THE LAW WHICH EXISTED AT THE TIME OF TRIAL. EX PARTE BUTLER, 884 S.W.2d 782, 783-784 (TEX. CRIM. APP. 1994)(CITING STRICKLAND AND LOCKHART V. FRETWELL, 506 U.S. ____, 113 S.Ct. 838, 122 L.Ed. 2d 180 (1993). MISSOURI V. FRYE, 132 S.Ct. 1399 IS THAT LAW.

THE STATE ALSO COMPLAINS IN IT'S ANSWER THAT APPLICANT FAILED APPLICANT FAILED TO RAISE MENTAL HEALTH ISSUES BEFORE TRIAL ON HIS HABEAS APPLICATION. IN THE FIRST ISSUE HERE, APPLICANT'S COUNSEL, MR. WELLS, SWEARS IN HIS AFFIDAVIT (STATE'S EXHIBIT B), THAT HIS CLIENT PROVIDED NO INFORMATION, NO DOCUMENTATION, OR EVEN MENTIONED THAT HE WAS A MENTAL HEALTH PATIENT. HOWEVER, ASSISTANT DISTRICT ATTORNEY ON PAGE #4 OF HER ANSWER FOR THE STATE THAT APPLICANT DID PROVIDE DOCUMENTATION OF HIS MENTAL HEALTH ISSUES BY STATING: "THE APPLICANT PROVIDES ONE DOCUMENT THAT SUGGESTS THAT HE HAD SOME MENTAL HEALTH ISSUES." THUS ADMITTING THE APPLICANT DID, IN FACT, NOTIFY ALL PARTIES OF HIS OF MENTAL HEALTH CONDITION AND THAT HIS COUNSEL NOT ONLY AVOIDED THE TRUTH IN HIS AFFIDAVIT, BUT WITHHELD EXCULPATORY AND MITIGATING EVIDENCE FROM THE COURT, WHICH, IF PUT FORTH, WOULD HAVE MADE A CONSIDERABLE DIFFERENCE IN THE TRIAL AND WOULD HAVE AFFECTED THE OUTCOME OF THE TRIAL. STRICKLAND V. WASHINGTON, 466 U.S. 688, (1984); ADOPTED FOR TEXAS CONSTITUTION IN HERNANDEZ V. STATE, 726 S.W.2d 53, 57 (TEX. CRIM. APP. 1986). THIS, IN FACT, SHOWS THAT THE APPLICANT'S COMPLAINT IS VALID IN THAT THE DEFENSE COUNSEL'S FAILURE TO INVESTIGATE POTENTIALLY EXCULPATORY AND MITIGATING EVIDENCE WHICH WOULD BE MATERIAL AT TRIAL, DEPRIVED DEFENDANT OF EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF HIS CONSTITUTIONAL RIGHTS. SEE EX PARTE AMEZQUETA, ____ S.W.3d ____ (TEX. CRIM. APP. 2006); ALSO SEE: APPLICANT'S FIRST SUPPLEMENT MEMORANDUM, GROUND 4, PG. #8.

4.

In this second issue in State's Answer, Ass. District Attorney Allen alleges, "In Habeas proceedings, the applicant must allege sufficient facts which, if true, would entitle him to relief." Citing Ex Parte Maldanado, 688 S.W.2d 114-116 (Tex. Crim. App. 1985). It is obvious from this claim that Ms. Allen has not read the Habeas exhibits put forth in this Habeas proceeding by the Clerk of said Court. If she had, Ass. District Attorney Allen would have realized the sufficient facts of: On June 12, 2015, listed as Exhibit "A", 11 pages pages of Tri-County Mental-Health medical documents which included Kingwood Pines Psychiatric Hospital papers of treatment of applicant; On July 1, 2015, Exhibit "C", 23 pages of medical papers of clinical ~~part~~ diagnosis; On July 28, 2015, Exhibit "D", documents of "Correctional Managed Care" Mental Health clinical notes, prescribing "Carbamazepine" 200 mg., twice a day. This, in fact, shows that applicant has put forth a preponderance of evidence which alleges sufficient facts, which, are true, and do entitle him to relief. Ex Parte Maldanado, 668 S.W.2d 114-116 (Tex. Crim. App. 1985); also see: Applicant's Supplemental Memorandum. Grnd. 3, Pg. 5-7.

Further, Mr. Wells contends that he not only has a license to practice law in the State of Texas, but, also has a medical license as well. Applicant objects to Mr. Wells affidavit in which he claims to diagnose his client in a psychiatric analysis by stating: "At no time did I form the opinion that he did not understand the consequences of his actions. I felt that Mr. Davis was both competent at the time of his plea and sane at the time of his offense." This is what Mr. Wells put forward in his affidavit to the court, knowing full well of his client's medical issues and medication, he was taking at the time of trial. This was even stated by Assistant District Attorney Allen in her State's Original Answer on Pg. #4. Stating, "The applicant provides one document that suggests he had some mental health issues." Concluding that all parties in the trial had full knowledge of applicant's mental ~~health issues~~ disabilities and took full advantage of that fact.

5.

See: State's Writ Exhibit B, Affidavit of John E. Wells, III, and State's Original Answer, Pg. #4.

In conclusion, Applicant meets both the prongs of Strickland v. Washington, as he explained in his supplemental memorandum. See Applicant's first supplement memorandum filed on November 4, 2015, with the Polk County Clerk of the Courts. Applicant firmly claims that but for counsel's ineffective assistance, he would have, in fact, not plead guilty to 12 years confinement to TDCJ for less than a gram of controlled substance. See Missouri v. Frye, 132 S.Ct. 1399 (2012).

## Conclusion and Prayer

Applicant requests that the Court of Criminal Appeals remand back to the trial court for further proceedings of his 11.07 application, an evidentiary hearing of these facts before and upon the findings of that hearing to release Applicant from his unconstitutional confinement of 12 years TDCJ.

Wherefore, premises considered, Applicant, Stephen E. Davis, prays that this Honorable Court of Criminal Appeals remand back to the trial court for further proceedings his 11.07 application, to review all salient issues of merit and to grant relief from his unconstitutional confinement.

Respectfully Submitted,

Stephen E. Davis

6.

## INMATE DECLARATION

I, STEPHEN EARL DAVIS, BEING PRESENTLY INCARCERATED AT THE STRINGFELLOW UNIT OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE, LOCATED IN BRAZORIA COUNTY, TEXAS, AND UNDER PENALTY OF PERJURY PURSUANT TO 28 U.S.C. § 1746, STATE THAT THE FACTS IN THIS OB-JECTION ARE TRUE AND CORRECT.

EXECUTED ON THIS 20TH DAY OF DECEMBER, 2015.

RESPECTFULLY SUBMITTED,

*Stephen E. Davis*

---

## CERTIFICATE OF SERVICE

I, STEPHEN EARL DAVIS, BEING PRESENTLY INCARCERATED IN BRAZORIA COUNTY, TEXAS, AND UNDER PENALTY OF PERJURY PURSUANT TO 28 U.S.C. § 1746, DO AFFIRM THAT I HAVE HEREBY DELIVERED A COPY OF "OBJECTION TO THE STATE'S FINDINGS OF FACTS AND CONCLUSIONS OF LAW WITH STATE'S ORIGINAL ANSWER" TO THE PRISON MAIL-ROOM OFFICIALS FOR DELIVERY TO THE FOLLOWING:

① BOBBY J. RICHARDS
POLK Co. DISTRICT CLERK
CRIMINAL JUSTICE BLDG.
101 W. MILL ST., SUITE 216
LIVINGSTON, TEXAS 77351

② ABEL ACOSTA, CLERK
COURT OF CRIMINAL APPEALS
P.O. BOX 12308
CAPITOL STATION
AUSTIN, TEXAS 78711-2308

EXECUTED ON THIS 21st DAY OF DECEMBER, 2015.

CERTIFICANT,

*Stephen E. Davis*